IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

IN RE: TELESCOPES ANTITRUST ) No. 25-3098
LITIGATION )
) **L.R. 27-3(b) Statement: AS**
) **SOON AS PRACTICABLE**

### APPELLANT PAT ZHEN'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR A PROTECTIVE ORDER AND FOR SANCTIONS

Appellant Pat Zhen respectfully moves for an emergency protective order and for sanctions or other relief. Class Counsel, in an apparent effort to intimidate Zhen into dismissing this appeal, have issued facially invalid appeal subpoenas, made improper demands as to this appeal, threats, and even publicly disclosed Zhen's Social Security number and date of birth. Zhen respectfully requests that this Court intervene to halt these harassing tactics that overstep the bounds of lawful appellate conduct:

### Jurisdiction

1. This Court has jurisdiction over this motion. Upon the filing of a notice of appeal, the district court loses jurisdiction over the aspects of the case involved in the appeal. *United States v.*

*Sadler,* 480 F.3d 932, 941 (9th Cir. 2007); *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982).

2. The action is no longer "pending" in the district court such that subpoenas could issue without leave of court. See Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is ***pending***"). Obviously, with final judgment rendered, the case is no longer pending in the district court and is now pending in this court.

3. The only exception to this rule is found in Rule 27(b), which Class Counsel did not and could not invoke. That rule permits a party to seek leave of the district court to perpetuate testimony "for use in the event of further proceedings *in that court.*" See *Campbell v. Blodgett,* 982 F.2d 1356, 1357 (9th Cir. 1993). Class Counsel neither filed a motion for such leave nor made the required showing that "perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(b)(3). In any event, since this case is currently on appeal, any such discovery has no ongoing evidentiary relevance.

4. In *Golloher v. Todd Christopher International, Inc.,* 2014 WL 12625124 (N.D. Cal. July 7, 2014), as here, Class Counsel

    sought discovery of objectors after the objectors appealed the district court's final approval of a settlement. The court held that although such discovery might be available during the pendency of settlement approval proceedings, it would not be appropriate during the pendency of an appeal, noting that "[i]t is unclear what relevance any such discovery would have to the issues on appeal, or even if or how it would become part of the appellate record." 2014 WL 12625124, at *2; *citing Khoday v. Symantec Corp.,* 2016 WL 6902710, at *3 (D. Minn. Aug. 4, 2016) ("Since the final approval/fairness hearing has passed, so has Plaintiffs' chance to use discovery to probe the merits and motives of the objections.").

5. In this case, Class Counsel egregiously failed to seek leave from any court and unilaterally ignored the rules divesting the district court of subpoena power without regard for Civil Rule 27(b).

6. This Court thus retains supervisory authority over the parties and should exercise it to end Class Counsel's improper conduct.

**Background of Class Counsel's Harassment of Appellant Zhen**

7. Appellant Pat Zhen filed a straightforward objection to the underlying settlement. The settlement involves the dismissal, with prejudice and on the merits, of a nationwide class action, but the certified class only consisted of certain repealer states, yet it excluded repealer territory Puerto Rico.

8. The district rendered final judgment on April 11, 2025, terminating its jurisdiction. On June 23, 2025, the district court entered an Amended Judgment.[1]

9. On May 5, 2025, Zhen joined a Notice of Appeal. F.R.Ap.P. 3(b).

---

[1] The district court's amended judgment came through a stipulation between defendants and plaintiff; however, as appellees sought no limited remand from this Court, said amended judgment appears void ab initio. As a general matter, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) . It is not "tolerable" to have "a district court and a court of appeals . . . simultaneously analyzing the same judgment," id. at 59, i.e., to have "situations . . . in which district courts and courts of appeals would both have . . . the power to modify the same judgment," id. at 59-60.

10. On May 14, 2025, this Court issued a briefing schedule, setting the opening brief as due July 31, 2025.[2]

11. Despite knowing that the case was on appeal, on May 28, 2025, Class Counsel Thomas Boardman emailed Zhen requesting to "discuss" the objections—but with unusual and improper conditions. Counsel demanded the meeting occur by video call and insisted, "Because standing is a requirement to object and appeal, please provide us with proof of both purchase and that you are who you claim to be in advance of our meeting." *See* Exhibit 1.

12. On the same day, Zhen replied to Class Counsel Boardman and stated, "The proper way to discuss would be through the Ninth Circuit's mediation program, not the procedure you request/demand. I recommend you tread carefully in implying pro se litigants such as myself are required to join Zoom calls to prove standing or address your concerns. I refer you to California Rule of Attorney Conduct 4.3 (communication with unrepresented persons) and also possibly 4.1. If the matter

---

[2] Due to the harassment that chilled communications necessary to effectuate the creation of the brief, Zhen sought a streamlined extension.

cannot be resolved through mediation supervised by the Ninth Circuit, your recourse if you believe the appeal involves standing issues is to file a motion to dismiss with the Ninth Circuit and/or to raise it in the jurisdictional section of your brief. Either way, I would be willing to participate in mediation and/or respond to your motions/arguments." *See* Exhibit 2.

13. After another three weeks passed, Class Counsel Boardman wrote to Zhen stating why he believed the appeal lacked merit, but he included subtle threats within the email, "In preparation to oppose your appeal, settlement class counsel reserve all rights, including filing a motion to dismiss the appeal with the Ninth Circuit's motions panel and requesting that the district court require all objectors to post an appeal bond, respond to appropriate discovery, including sitting for a deposition, and issue any sanctions that the court may deem appropriate to compensate counsel for their time and effort." *See* Exhibit 3.

14. Zhen replied and offered a $250 appeal bond. As to the threat of discovery, Zhen noted that he would object to it *if leave* was granted for them to conduct it. *See* Exhibit 4.

15. On June 25, 2025, Class Counsel Boardman wrote to Zhen to ask about setting up a discussion. *See* Exhibit 5.

16. On June 26, 2025, just one day after requesting a discussion, and without any form of leave to conduct appellate discovery, Class Counsel Adam Zapala issued a subpoena to Zhen for a deposition to take place on July 28, 2025, in Puerto Rico, just three days before the brief is due. *See* Exhibit 6.

17. On June 30, 2025, Class Counsel Christian Ruana sent an email to Zhen complaining that they received no answer when they attempted to serve the subpoena at an address in Puerto Rico. Ruana stated that they planned formal service at "an additional address associated with you: 395 Eaton St., Providence, RI 02908. Attached is a subpoena reflecting this Rhode Island address, in addition to a corrected subpoena associated with your Puerto Rico address." Ruana threatened, "At this time, the information available to us raises serious concerns about the accuracy of the contact

information you provided.[3] We hope this is a misunderstanding and would appreciate your prompt clarification. We intend to raise this matter with the Court if we do not hear from you." *See* Exhibit 7.

18. Attached to the referred-to email a second subpoena was included that directed Zhen's attendance in Boston, Massachusetts, on July 28, 2025. *See* Exhibit 8.

19. Based on information, Class Counsel issued many other subpoenas for the purpose of obtaining personal information about the appellants, including Zhen, and falsely listed that the action was pending.

20. Finally, Class Counsel presently filed a motion for appeal bond exceeding $40,000 in the district court. Regardless of the merits, Class Counsel included in the public PACER, consumer credit reports they pulled on Appellant that expose the first five digits[4] of his social security number and his date

---

[3] Zhen neither provided Class Counsel with the address in Puerto Rico nor Rhode Island that they had investigators visit. Of course, Zhen had no intention of assisting Class Counsel to violate nearly every provision of Rule 45 and Rule 27(b) because to do so would only encourage additional harassment.

[4] Most services list the last four digits of a Social Security number and it is easy to obtain. This is why Civil Rule 5.2(a) requires the first five digits to be redacted. By exposing the first five digits, Class Counsel

of birth. *See* Exhibit 9, pages 61-65 (District Court Entry 429-1). Class Counsel filed another report showing the same personal data with the first five digits of the Social Security Number and the month of birth . *See* Exhibit 10, pages 15-19 (District Court Entry 429-5). This violates the CM/ECF Administrative Procedures adopted in 2006, which require personal identifiers to "only use the last four digits of Social Security" and "reference dates of birth using only the year" and Federal Rule of Civil Procedure 5.2(a) and (b).

### The Rule and Discovery Violations

21. **Fed. Rule of Civ. Proc. 45(a)(2) Violation:** The subpoenas purport to have been issued by the United States District Court for the Northern District of California, but it relates to this appeal and final judgment terminated the district court proceedings in April 2025. Therefore, the subpoena does not comply with Rule 45(a)(2) that states it "must issue from the court where the action is pending," which would be this Court, not the district court.

---

exposed Zhen to the risk of identity fraud. (Zhen files Exhibits 9 and 10 in their full form because Class Counsel already made them public).

22. **Fed. Rule of Civ. Proc. 45(a)(1)(B) Violation:** Class Counsel did not list the method that the deposition would be recorded, yet Rule 45(a)(1)(B) requires that, "A subpoena commanding attendance at a deposition must state the method for recording the testimony."

23. **Fed. Rule of Civ. Proc. 45(a)(4) Violation:** The subpoenas seek the production of documents, but Class Counsel failed to notify the parties. Rule 45(a)(4) explains that, "if the subpoena commands the production of documents, . . . , then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

24. **Fed. Rule of Civ. Proc. 27(b) Violation:** No discovery while a case is on appeal can occur without leave of court. This rule would allow limited discovery as to future district court proceedings, not information for appeal.

25. **Fed. Rule of Civ. Proc. 5.2(a) and (b)** require filings to include only the last four digits of a social security number and the year of birth.

26. **Fed. Rule of Civ. Proc. 45(d)(1)** explains that, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

27. **Leave of Court is Required to Subpoena Absent Class Members:** Absent class members are not parties and separate discovery of individual class members not representatives is "ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal.2008). To request an exception to this rule, the proponents of such discovery ***must seek leave of court*** and show not only that the discovery is (1) necessary, and (2) seeks information that they do not already know, but also that (3) "the discovery is not designed to take undue advantage of class members or to reduce the size of the class," and (4) that response "would not require the assistance of counsel." *Id. (citing Clark v. Universal Builders*, 501 F.2d 324, 340-42 (7th Cir.1974); *see also In re Worlds of Wonder Securities Litigation*, No. C–87–5491 SC (FSL), 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992)(discovery of absent class members "normally not

permitted"); *In Golloher v. Todd Christopher International, Inc.*, 2014 WL 12625124 at *2 (N.D. Cal. July 7, 2014), *citing* Khoday v. Symantec Corp., 2016 WL 6902710, at *3 (D. Minn. Aug. 4, 2016).

28. **Fed. Rule of Civ. Proc. 26(g)(2)(A), (B), and (C):** Counsel failed to determine, prior to serving the subpoenas and document demands, that they complied with the rules and existing law (as shown above, they did not), that they were not imposed for an improper purpose such as to harass, and that the response would not be unduly burdensome. In this case, the class action will bring a payment of about $20 to $50 to each appellant if a claim is allowed. Yet, Class Counsel demands the following inappropriate, invasive, and burdensome documents: 3: DOCUMENTS sufficient to verify YOUR identity, including but not limited to, government-issued identification (e.g., passport, driver's license, birth certificate, etc.); 4: All DOCUMENTS and COMMUNICATIONS between YOU and any PERSON RELATING TO this ACTION, SETTLEMENT, or the administration of the SETTLEMENT; 5: All DOCUMENTS and

COMMUNICATIONS between YOU and any of the other objectors in this action: Mike Sussman, Karla Luna c/o National Woodlands, and Elman Barnes; 6: All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR OBJECTION to the SETTLEMENT or the basis or grounds for YOUR OBJECTION to the SETTLEMENT; 7: All DOCUMENTS RELATING TO any agreement or understanding between YOU and any PERSON involving this ACTION; 8: All DOCUMENTS and COMMUNICATIONS RELATING TO any compensation, reimbursement, or consideration YOU have received or expect to receive in connection with YOUR OBJECTION or involvement in this ACTION; 9: All DOCUMENTS RELATING TO any OBJECTION YOU have submitted in any class action in the past ten (10) years, including the name and case number of each class action; 10: All DOCUMENTS sufficient to show any PERSON who represented YOU in connection with any OBJECTION YOU submitted in any class action in the past ten (10) years;  11: All COMMUNICATIONS between YOU and any PERSON RELATING TO YOUR OBJECTIONS in class action settlements over the past ten (10) years; 12: All

DOCUMENTS RELATING TO changes made to any class action or class action settlements as a result of any OBJECTION made within the last ten (10) years by YOU, or by any PERSON involved or associated with representing YOU in connection with the OBJECTION.

29. **California Civil Rule 3.37 and similar rules and opinions:** Class Counsel demanded Zhen provide all documents as to people who represented him in *any* class action case as to objections in the past ten years. *See* document request 10. This appears inappropriate as under California Civil Rule 3.37, this information would not be disclosable. Most states have adopted similar rules. This information gathering is not appropriate and is harassing. Indeed, this Court found that whether an argument was "attorney-manufactured" is irrelevant, noting that "our court would have little work to do without creative arguments 'manufactured' by zealous attorney advocates." *Low v. Trump University, LLC*, 881 F.3d 1111, 1120 n.4 (9th Cir. 2018).

**Conclusion and Prayer for Relief**

30. Class Counsel's communications with the pro se Appellant are not merely intimidating; when viewed in the context of their broader actions, they reflect a deliberate campaign of harassment that exceeds the bounds of lawful or ethical conduct.

31. The issuance of unauthorized appellate subpoenas without leave of court usurps this Court's jurisdiction and undermines the integrity of the appellate process. The documents that the subpoenas require including all communications between the appellants while they are preparing their brief and demanding information about consultations with attorneys is chilling and meant to interfere with this appeal. The public doxing of Appellant Zhen's Social Security Number and date of birth through PACER filings further reflects a reckless disregard for privacy rules and personal safety, and warrants this Court's strongest rebuke.

WHEREFORE, Appellant respectfully requests that this Court:

1) Issue a Protective Order directing Class Counsel to:

    a) Cease and desist from issuing or attempting to enforce any subpoenas or discovery requests related to this appeal absent prior leave of this Court;

    b) Refrain from demanding or seeking discovery concerning communications among appellants or between appellants and any attorney concerning this appeal;[5]

    c) Refrain from contacting pro se appellants directly for the purpose of coercing dismissal or withdrawal of their appeals, and instead direct any such communications through the Ninth Circuit's mediation office or via formal motion practice.

2) Strike or Quash any subpoenas issued without leave of this Court purporting to compel depositions, documents, or testimony from Appellant Zhen in connection with this appeal.

3) Impose Sanctions as appropriate under Rule 45(d)(1), 28 U.S.C. § 1927, or the Court's inherent authority, for misuse of process and conduct that unreasonably and vexatiously multiplies the proceedings.

4) Order Class Counsel to take all steps necessary to redact any district court filings that expose Appellant Zhen's Social Security Number or date of birth in violation of Fed. R. Civ. P.

---

[5] Appellant Zhen represents that as of now, he has not spoken to an attorney relating to this appeal. However, he may choose to consult with an attorney, especially since he has recently learned of a multitude of privacy violations that have occurred, not just with the doxing by Class Counsel, but with a third-party claims administrator, Angeion Group, that despite not administering the underlying action is working with Class Counsel to defeat this appeal.

5.2, and direct Class Counsel to refile appropriately redacted versions.

5)    Award any other relief this Court deems just and proper to prevent further harassment and preserve the integrity of the appellate process.

Respectfully submitted,

*/s/ Pat Zhen*

_____

Pat Zhen
PO Box 366047
San Juan, PR  00936

APPELLANT