# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TELESCOPES ANTITRUST LITIGATION | No. 25-3098<br>D.C. No. 5:20-cv-03639-EJD<br>Northern District of California,<br>San Francisco |
| Zhen, et al.<br><br>v.<br><br>Synta Technology Corp., et al. | **PLAINTIFFS-APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT PAT ZHEN'S EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR A PROTECTIVE ORDER AND SANCTIONS** |

## TABLE OF CONTENTS

Page(s)

I.  INTRODUCTION ........................................................................1

II.  STATEMENT OF FACTS .........................................................1

III.  ARGUMENT .............................................................................5

 A.  Appeal Does Not Strip the District Court of Jurisdiction to Allow

 Discovery Regarding Objectors and Administration of Settlement ..5

 B.  The Requested Discovery Is Relevant, Proper, and Not Unduly

 Burdensome ...................................................................11

 C.  The Filing of Publicly Available Personal Information Does Not

 Merit Sanctions..............................................................12

 D.  Zhen's Challenge to the Subpoena Lacks Merit Under Rule 45 .......14

 E.  Zhen's Reliance on California Civil Rule of Court 3.37 Is Misplaced15

 F.  Sanctions Under 28 U.S.C. § 1927 Are Unwarranted ........................17

IV.  CONCLUSION ...........................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barber v. Miller*,
    146 F.3d 707 (9th Cir. 1998) .........................................................................17

*Estate of Blas v. Winkler*,
    792 F.2d 858 (9th Cir. 1986) .........................................................................17

*Campbell v. Blodgett*,
    982 F.2d 1356 (9th Cir. 1993) .......................................................................10

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
    281 F.R.D. 531 (N.D. Cal. 2012) ...............................................................7, 8

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) .........................................................................17

*Golloher v. Todd Christopher Int'l, Inc.*,
    No. C 11-1726 RS, 2014 WL 12625124 (N.D. Cal. July 7,
    2014) ...............................................................................................................9

*Granillo v. FCA US LLC*,
    No. CV16153FLWDEA, 2018 WL 4676057 (D.N.J. Sept. 28,
    2018) ...............................................................................................................8

*Griggs v. Provident Consumer Discount Co.*,
    459 U.S. 56 (1982) .........................................................................................6

*In re Gushlak*,
    No. 11-MC-218 NGG, 2012 WL 2564523 (E.D.N.Y. July 2,
    2012) ...............................................................................................................7

*In re Itel Secs. Litig.*,
    596 F. Supp. 226 (N.D.Cal.1984), aff'd 791 F.2d 672 (9th
    Cir.1986) ......................................................................................................7, 9

ii

*Johnson v. United States*,
No. 523CV02542SSSAJR, 2023 WL 9687509 (C.D. Cal. Dec.
15, 2023), reconsideration denied, No. 5:23-CV-02542-SSS-
AJR, 2024 WL 1135774 (C.D. Cal. Feb. 22, 2024) ...................................14

*Kim v. Tinder, Inc.*,
No. 18 CV 3093 JFW (ASX), 2019 WL 3064464 (C.D. Cal.
May 24, 2019)............................................................................................8

*Linneman v. Vita-Mix Corp.*,
No. 1:15-CV-748, 2018 WL 5722722 (S.D. Ohio Nov. 1, 2018)..............7, 8

*In re Netflix Priv. Litig.*,
No. 5:11-CV-00379-EJD, 2013 WL 6173772 (N.D. Cal. Nov.
25, 2013) ............................................................................................6, 7, 8

*Oliver v. In-N-Out Burgers*,
No. 12-cv-767, 2013 WL 12415761 (S.D. Cal. Feb. 7, 2013) .....................15

*Oppenheimer Fund, Inc. v. Sanders*,
437 U.S. 340 (1978).....................................................................................11

*Saucillo v. Peck*
25 F.4th 1118 (9th Cir. 2022) ......................................................................11

*S.W. by & through Wojcehowicz v. United States*,
No. 1:19-CV-2947, 2021 WL 915900 (N.D. Ohio Mar. 10,
2021) ...........................................................................................................15

*Senne v. Kansas City Royals Baseball Corp.*,
No. 14-CV-00608-JCS, 2023 WL 3884634 (N.D. Cal. June 7,
2023) .............................................................................................................9

*Surfvivor Media, Inc. v. Survivor Prods.*,
406 F.3d 625 (9th Cir. 2005) .......................................................................11

*In re T-Mobile Customer Data Sec. Breach Litig.*,
No. 4:21-MD-03019-BCW, 2023 WL 11878507 (W.D. Mo.
June 29, 2023), *aff'd*, 111 F.4th 849 (8th Cir. 2024) ...................................8

*United States v. Sadler*,
480 F.3d 932 (9th Cir. 2007) .........................................................................6

*United States v. Seugasala*,
    670 F. App'x 641 (9th Cir. 2016) ...................................................................14

**Statutes**

28 U.S.C. § 1927 ...........................................................................................17, 19

**Rules**

California Civil Rules of Court
    3.37 ........................................................................................................15, 16

Federal Rules of Civil Procedure
    5.2 ..............................................................................................................14
    27 ..............................................................................................................10
    45 ........................................................................................................14, 15
    62 ................................................................................................................7

**Other Authorities**

Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate
    Practice
    § 6:537 ........................................................................................................9

*Newberg and Rubenstein on Class Actions*
    § 13:33 (6th ed. 2025)...................................................................................8

## I.      INTRODUCTION

Pat Zhen's emergency motion for a protective order and sanctions should be denied because it is unsupported by the law, misrepresents Class Counsel's conduct, and seeks to avoid discovery into his standing and the indicia of fraudulent conduct, issues that squarely impact the district court's continuing jurisdiction over the integrity of its judgment and administration of the settlement. Because courts routinely permit post-judgment discovery of settlement objector, especially where signs of abuse or fraud exist, Class Counsel's measured inquiries were warranted.

## II.     STATEMENT OF FACTS

On February 24, 2025, Interim Co-Lead Counsel ("Class Counsel") for the Indirect Purchaser Plaintiffs ("IPPs") contacted Pat Zhen ("Zhen")[1] via email to acknowledge receipt of his objection to IPPs' proposed settlement in the underlying antitrust class action *In re Telescopes Antitrust Litigation*. *See* Ruano Decl., Exhibit A. In the same communication, Class Counsel stated their intent to meet and confer regarding Zhen's objection. *Id*. Zhen never responded. Ruano Decl., ¶5.

---

[1] Although Class Counsel maintain doubts regarding his identity, for efficiency, the objector-appellant is referred to herein as "Zhen."

On February 28, 2025, IPPs filed their motion for final approval of the settlement. *See* Mot. for Final Approval of Settlement, *In re Telescopes Antitrust Litig.*, No. 5:20-CV-03639-EJD-VKD, (N.D. Cal. Feb. 28, 2025), ECF No. 404. On March 21, 2025, Class Counsel filed a reply in support of its Motion for Final Approval, responding to the objections. *See* ECF No. 407. Objectors, including Zhen, filed responses (*See* ECF Nos. 401, 402, 403). Zhen also filed a reply in support of his objection on March 26, 2025 (*See* ECF No. 408).

On April 11, 2025, the district court granted final approval to the IPPs' settlement, finding Zhen's (and the others') objections to be meritless. *See* ECF No. 419. Undeterred, on May 5, 2025, Zhen filed a group notice of appeal challenging the judgment. *See* ECF No. 421. Zhen's appeal named three additional objectors: National Woodlands Preservation, Inc. ("Woodlands"), Elman Barnes, and Mike Sussman.[2]

---

[2] Zhen does not explain how he procured the signatures of these various appellants on the notice of appeal, especially considering that Woodlands (and its alleged CEO, Karla Luna) provided no real contact information in connection with its objection in the district court. Despite being required to do so, Woodlands provided only a service processing entity as its address. Woodland's filings did not include an email address or phone numbers. Answers to questions such as how someone allegedly unrelated—like Zhen—procured Woodland's signature on the notice of appeal are among the reasons why Class Counsel has repeatedly attempted to meet and confer with Zhen, and ultimately was forced to serve discovery on him.

2

Class Counsel again contacted Zhen on May 28, 2025, reiterating their desire to discuss his objection. In the email, Class Counsel again proposed a Zoom call to better understand the basis for his objection, as well as to verify his identity and potential standing as a class member. Zhen again refused to get on a video call. Zhen responded by characterizing the email as "unusual" and objected to what he described as a "request/demand" for a video meeting. Dkt. 14.3 at 2.[3] He claimed (incorrectly) that such outreach to a pro se litigant implicate rules of professional conduct. *Id*.

On June 18, 2025, Class Counsel responded to Zhen, clarifying that outreach to a *pro se* objector by Court-appointed settlement counsel was proper. Dkt. 14.3 at 3. Class Counsel reiterated its position that, according to Zhen's own filings, his objection focused solely on his desire to have Puerto Rico included in the settlement class, despite damages claims never being brought on behalf of

---

[3] After Zhen filed his Motion, counsel in an unrelated class action submitted a motion raising concerns similar to the concerns Class Counsel raise here. Counsel in that case alleged that Zhen submitted fraudulent filings and refused to verify his identity by getting on a video call. *See* Ruano Decl., Ex. C. Counsel in that case provides a declaration under penalty of perjury stating that he was then contacted by someone named "Karla" offering to resolve Zhen's dispute with a $100,000 payment. Id. at 5.

3

purchasers from the territory. *See* ECF No. 390-1;[4] *See also* ECF No. 419; *Saucillo v. Peck*, 25 F.4th 1118, 1126 (9th Cir. 2022)

Class Counsel also noted that, in preparing to oppose Zhen's appeal, they reserved the right to move to dismiss, seek an appeal bond, conduct discovery, and pursue sanctions if appropriate. Dkt. 14.3 at 3.

Later that evening, on June 18, 2025, Zhen replied with a lengthy email accusing Class Counsel of procedural abuse and improper tactics. Dkt. 14.3 at 4. He reiterated his view that the settlement improperly failed to protect the damages claims of telescope purchasers in Puerto Rico. *Id*. Zhen argued that discovery was improper at this stage and that any attempt to compel his deposition would be challenged. *Id*.

Despite Zhen's increasingly adversarial tone, Class Counsel continued efforts to discuss matters constructively. On June 25, 2025, Class Counsel emailed Zhen asking for his availability to discuss the issues raised through a phone call. Dkt. 14.3 at 5. Having received no response, Class Counsel sent Zhen a deposition subpoena and request for documents on June 26, 2025, scheduling the deposition for July 28, 2025, in San Juan, Puerto Rico. *Id*. at 6. The email enclosed a cover

---

[4] One of the bases of the Court's rejection of Zhen's objection was that he was not included in the settlement class, as the definition of "Indirect Purchaser States" does not include Puerto Rico. *Id*. at 8.

4

letter offering to coordinate logistics and invited Zhen to accept service electronically to avoid formal service. *Id*.

When Zhen failed to respond, Class Counsel followed up on June 30, 2025, informing him that personal service had been attempted at an address associated with him in Puerto Rico, but was unsuccessful. Dkt. 14.3 at 17. Class Counsel again asked whether he would voluntarily accept service or provide updated contact information as there were legitimate concerns the contact information Zhen had provided was not accurate and perhaps intended to evade service. *Id*.

In parallel, on July 14, 2025, Class Counsel filed a motion for an appeal bond as to all four objector-appellants, including Zhen. *See* Ruano Decl., Ex. B. The motion detailed serious concerns regarding the objectors' standing, arguments opposing the substance of the appeals, the difficulties of cost recovery, and the indicia of fraud as to all of the appellants uncovered through investigation – including with respect to Zhen. *Id*. On July 21, 2025, Zhen filed with a motion for a protective order with the district court. *See* ECF No. 432. Class Counsel's opposition is due August 4, 2025. On July 24, 2025, Zhen filed his opposition to Class Counsel's appeal bond motion. *See* ECF No. 438. Zhen filed this motion at issue on July 20, 2025.

## III.    ARGUMENT

### A.    Appeal Does Not Strip the District Court of Jurisdiction to Allow

### Discovery Regarding Objectors and Administration of Settlement

Zhen's primary argument is that the filing of a notice of appeal divests the trial court of jurisdiction to enforce this discovery. But in the context of the continuing administration of a settlement and protection of the integrity of a judgment, as is the case here, courts are permitted to continue discovery regarding objectors during the pendency of appeals. In similar factual contexts, district courts permit discovery against objectors, even when an appeal regarding final approval is pending. *See In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) ("The request for discovery is proper as it will be used to pursue information regarding Objectors' standing in regards to their appeals and the bases for Objectors' current contentions.").

Zhen wrongly asserts "[t]his Court [9th circuit] has jurisdiction over this motion. Upon the filing of a notice of appeal, the district court loses jurisdiction over the aspects of the case involved in the appeal." Dkt. 14.1 at 1 (citing *United States v. Sadler*, 480 F.3d 932, 941 (9th Cir. 2007) and *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). Zhen further states "[T]he action is no longer 'pending' in the district court such that subpoenas could issue without leave of court." Dkt. 14.1 at 2. Because final judgment has been entered and appealed, Zhen argues, the case is no longer pending in the district court but is instead now pending before this Court. *Id.*

6

But "it is well settled that following a notice of appeal, the [District] Court retains jurisdiction 'to preserve the integrity of [its] judgments in general, and specifically to protect the Court's final judgment . . . .'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533-34 (N.D. Cal. 2012) ("*CRT*") (citing *In re Itel Secs. Litig.*, 596 F. Supp. 226, 233 (N.D.Cal.1984), aff'd 791 F.2d 672 (9th Cir.1986); *see In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *4 (N.D. Cal. Nov. 25, 2013) ("[T]he Court retains jurisdiction to preserve the integrity of the Final Order, even in situations where an appeal has been filed."); *In re Gushlak*, No. 11-MC-218 NGG, 2012 WL 2564523, at *4 (E.D.N.Y. July 2, 2012) ("If an appeal from an order or judgment divested the district court of jurisdiction to enforce that order or judgment, there would be no point to Rule 62(d) of the Federal Rules of Civil Procedure, which provides for a stay of an appealed order or judgment with the posting of a supersedeas bond."); *Linneman v. Vita-Mix Corp.*, No. 1:15-CV-748, 2018 WL 5722722, at *5 (S.D. Ohio Nov. 1, 2018).  As the forgoing cases demonstrate, a district court retains jurisdiction and the ability to allow discovery regarding objectors challenging the integrity of its judgments, including final judgment, even when an appeal has been filed.

Further, in *CRT* the district court held that it had jurisdiction to subject an objector to discovery because objectors voluntarily submit to the court's

7

jurisdiction and are therefore "properly subject to discovery" even after final judgment and notice of appeal. 281 F.R.D. at 533. Other courts agree. *See, e.g., Linneman v. Vita-Mix Corp.*, No. 1:15-CV-748, 2018 WL 5722722, at *5 (S.D. Ohio Nov. 1, 2018) ("several courts have approved discovery from objectors either prior to final approval of a settlement agreement or after a class action settlement has been approved."); *In re T-Mobile Customer Data Sec. Breach Litig.*, No. 4:21-MD-03019-BCW, 2023 WL 11878507, at *2 (W.D. Mo. June 29, 2023), *aff'd*, 111 F.4th 849 (8th Cir. 2024); *Granillo v. FCA US LLC*, No. CV16153FLWDEA, 2018 WL 4676057, at *7 (D.N.J. Sept. 28, 2018); *see also Newberg and Rubenstein on Class Actions* § 13:33 (6th ed. 2025) (courts have ordered discovery of objectors even "after entry of final judgment while a case was on appeal.") (citations omitted)).

Though Zhen questions how such discovery could be utilized at this juncture (*see* Dkt. 14.1 at 2-3), the information plaintiffs seek will clarify Zhen's standing and legitimacy and "may be pertinent to informing the court about the nature and merits of the appeal," *In re Netflix Priv. Litig.*, No. 5:11-CV-00379-EJD, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013). As other courts have held, discovery "may be sought from objectors as long as it is relevant to a party's claims and proportional to the needs of the case." *Kim v. Tinder, Inc.*, No. 18 CV 3093 JFW (ASX), 2019 WL 3064464, at *1 (C.D. Cal. May 24, 2019). The discovery sought

here "may be used in connection with a motion in [the District] Court, such as a motion for imposition of an appeal bond or for sanctions, or in a variety of possible motions in the appellate proceeding." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 3884634, at *2 (N.D. Cal. June 7, 2023); *In re Itel Sec. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986); Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice at § 6:537 ("Evidence outside the district court record that is relevant to the motion's disposition should be presented by affidavit or declaration and served and filed with the motion.").

Accordingly, Zhen's reliance on *Golloher* is misplaced. Dkt 14.1 at 3 (citing *Golloher v. Todd Christopher Int'l, Inc.*, No. C 11-1726 RS, 2014 WL 12625124, at *1 (N.D. Cal. July 7, 2014)). Unlike in *Golloher*, Class Counsel here have articulated why discovery is necessary. 2014 WL 12625124, at *2 ("plaintiffs have not shown it would be appropriate for the district court to allow it in the context of an appeal"). As demonstrated in IPPs' Motion for an Appeal Bond (*See* Ruano Decl. Ex. B), and further discussed in § B, Class Counsel have articulated legitimate and relevant purposes for serving discovery on Zhen, including his admitted lack of standing. Class Counsel's continued investigation has uncovered strong indicia of fraud associated with his actions and questions regarding whether

9

Zhen is who he purports to be, rather than an alias. *See* Decl. Ruano Decl. Ex. B.[5]

Post-judgment discovery serves *both* the district court's need to fairly administer

the settlement and the appellate proceedings, particularly where it informs motions

addressing appeal bonds, sanctions, or the integrity of the judicial process (as the

facts demonstrate here).

Zhen's arguments ignore well-established principles regarding district

courts' jurisdiction to enforce and administer their own final judgments and

settlements, even after an appeal is filed. Expressly reserved in both the Final

Approval Order and the settlement agreement,[6] the district court's continuing

---

[5] Zhen also cites *Campbell v. Blodgett*, 982 F.2d 1356, 1357 (9th Cir. 1993), for his position that there are only limited exceptions to his argument that an appeal strips a district court of jurisdiction. But *Campbell* is factually inapplicable and its holdings irrelevant. *Campbell* concerned a habeas petitioner who appealed the district court's order denying his motion "for leave to videotape the execution" of a prisoner by hanging. 982 F.2d at 1357. The habeas petitioner's atypical procedural path concerning his discovery request is not only distinguishable from the matter here, but the Court in *Campbell* never stated that that Rule 27(b) is the "only exception" where subpoenas could issue without leave of court.

[6] The Final Approval Order (which is incorporated into the Final Judgment) makes this expressly clear, providing that the district court "retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement Agreement." ECF No. 419 at 20. The Settlement Agreement further states the district court "shall retain exclusive jurisdiction over the implementation and enforcement of this Settlement Agreement." Ex. A to the Decl. of Alejandra C. Salinas in Supp. of Pls.' Mot. for Prelim Approval at 27, ECF No. 390-1.

jurisdiction extends to post-judgment discovery, which ensures the integrity of the settlement's administration.

### B. The Requested Discovery Is Relevant, Proper, and Not Unduly Burdensome

While the district court is in the best position to determine the appropriateness and proportionality of the discovery propounded, if this Court is to evaluate the requested discovery, Class Counsel maintain it is highly relevant, proper, and not unduly burdensome.

The deposition notice and requested documents propounded by Class Counsel are relevant under the standards articulated by the Federal Rules of Civil Procedure, which permit litigants to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining relevancy as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.").

The discovery requested by Class Counsel is relevant and will be informative. It is germane to the pending motion for a protective order and sanctions, but more importantly relevant to concerns regarding an appeal by an objector without standing whose actions carry the strong indicia of fraud. *See*

11

Ruano Decl., Ex. B.[7] Zhen continues to refuse provide customary proof of purchase or a residential address, instead listing a P.O. Box and offering no evidence of purchasing a telescope in a state or territory covered by the Settlement. *See Id*. at 27. As illustrated in a public records search, Zhen is associated to "Karla Corea," an individual known for multiple fraudulent claims in other class actions. *See* Dkt. 14.3 at 45. Additionally, a well-regarded claims administrator, Angeion, has rejected multiple claims submitted under the names "Pat" or "Patrick Zhen" in other settlements due to suspected fraud, including use of multiple distinct email addresses and other serious red flags. *See* Ruano Decl., Ex. B at 102-106. These facts, among others, demonstrate that the discovery served on Zhen concerning his standing to object, the legitimacy of his identity, and relationship to other suspected fraudulent objectors is relevant and proper.

## C. The Filing of Publicly Available Personal Information Does Not Merit Sanctions

Although Zhen claims that Class Counsel's filing of a document that contained the first five digits of his social security number, this conduct does not merit sanctions for several reasons. First, the information is publicly available and was obtained based on a reasonable inquiry under the circumstances of his settlement claim and subsequent objection and appeal. In connection with their

---

[7] *See also*, a recent response to an objection filed by a "Zhen" in another class

Motion for an Appeal Bond (*See* Ruano Decl., Ex. B.), an investigator submitted a

LexisNexis SmartLinx Person Report containing **publicly available** information

concerning Zhen based on what information was available to Class Counsel. *See*

Ruano Decl., Ex. B at 117-120. Because Zhen failed to provide a residential

address in support of his objection and appeal, Class Counsel conducted a

reasonable search to identify the most effective means of serving him with

discovery. That search included generating a LexisNexis report—taken from

public information—which listed the unconfirmed first five digits of a social

security number associated with Zhen. The last four digits of the SSN are redacted

for privacy. This information was flagged in the report with a "Moderate Risk

Indicator," and LexisNexis explicitly noted that the SSN may have been "randomly

issued by the SSA." The report also included Zhen's purported month and year of

birth.

　　Second, Zhen does not appear to value this information itself because, in

support of his own motion for a protective order and sanctions, Zhen *publicly*

*refiled* the same report justifying the disclosure on the ground that Class Counsel

had "already made them public." Dkt. 14.1 at 8, 9, fn. 4. Yet in support of his own

motion for a protective order and sanctions, Zhen refiled the same report justifying

the disclosure on the ground that Class Counsel had "already made them public."

action settlement, raising similar concerns. Ruano Decl., Ex. C.

13

Dkt. 14.1 at 9, fn. 4. Irrespective of Zhen's reasoning, he has waived protection under Rule 5.2(a) by voluntarily filing the same documents he takes issue with. Under Federal Rule of Civil Procedure 5.2(h), "a person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." Fed. R. Civ. P. 5.2.(h); *Johnson v. United States*, No. 523CV02542SSSAJR, 2023 WL 9687509, at *1 (C.D. Cal. Dec. 15, 2023), reconsideration denied, No. 5:23-CV-02542-SSS-AJR, 2024 WL 1135774 (C.D. Cal. Feb. 22, 2024) ("to the extent Plaintiff filed any of his own information without redaction and now seeks to redact it under Rule 5.2(a) that request is DENIED as waived."); *see United States v. Seugasala*, 670 F. App'x 641, 642 (9th Cir. 2016).

Third, while Class Counsel disagree with Zhen's position, out of an abundance of caution, Class Counsel immediately acted to strike the documents from the district court docket, and preemptively re-filed redacted versions of the reports to address Zhen's concerns.

### D.    Zhen's Challenge to the Subpoena Lacks Merit Under Rule 45

In conjunction with the various arguments Zhen advances to strike or quash the subpoenas, Zhen contends the subpoenas do not comport with 45(a)(1)(B). Rule 45(a)(1)(B) requires that, "[a] subpoena commanding attendance at a deposition must state the method for recording the testimony."

14

But, the absence of information stating the method for recording the testimony of the deponent is not a basis for striking or quashing a subpoena. *See Oliver v. In-N-Out Burgers*, No. 12-cv-767, 2013 WL 12415761, at *3 n.2 (S.D. Cal. Feb. 7, 2013) ("However, Rule 45's provisions for when a subpoena must or may be quashed do not include the failure to notify of the method of recording. *See* Fed. R. Civ. P. 45(d)(3)); *S.W. by & through Wojcehowicz v. United States*, No. 1:19-CV-2947, 2021 WL 915900, at *1 (N.D. Ohio Mar. 10, 2021) ("failure to provide a recording method is not one of provided reasons requiring courts to quash or modify a subpoena."). Zhen has no basis for challenging the subpoena under Rule 45.

### E. Zhen's Reliance on California Civil Rule of Court 3.37 Is Misplaced

Zhen relies on a California Civil Rule that does not support his objection to Plaintiffs' document request. Zhen cites "California Civil Rule 3.37 and similar rules and opinions" to argue that Document Request 10 is "inappropriate," "would not be disclosable," and "harassing." Dkt. 14.1 at 14. That request, served concurrently with Zhen's deposition subpoena seeks "All DOCUMENTS sufficient to show any PERSON who represented YOU in connection with any OBJECTION YOU submitted in any class action in the past ten (10) years." Dkt. 14.3 at 16.

15

But California Civil Rules of Court 3.37 concerns something else: the nondisclosure of "ghostwriting" by attorneys in California state civil proceedings. Specifically, 3.37(a) reads: "In a civil proceeding, an attorney who contracts with a client to draft or assist in drafting legal documents, but not to make an appearance in the case, is not required to disclose within the text of the documents that he or she was involved in preparing the documents." Cal. Rules of Court, 3.37.

Class Counsel is not attempting to compel disclosure by the assisting attorney. The request is not specific as to attorney-client representation. Instead, Class Counsel seeks documents sufficient to identify any individuals who represented or assisted Zhen in connection with objections he submitted in other class actions over the past ten years, regardless of whether those individuals formally appeared or disclosed their involvement in the underlying proceedings. Further, Zhen admits he has not spoken to or been represented by counsel in this appeal,[8] undermining his argument that such information would implicate confidentiality or attorney obligations. Finally, Zhen fails to cite any "similar rules and opinions" to support his assertion that the request would not be disclosable. Document Request No. 10 seeks relevant, nonprivileged information and his objections do not provide a valid basis to resist discovery on the topic.

---

[8] "Appellant Zhen represents that as of now, he has not spoken to an attorney relating to this appeal." Dkt. 14.1 at 16, fn. 5.

16

### F.   Sanctions Under 28 U.S.C. § 1927 Are Unwarranted

Zhen's request for sanctions under 28 U.S.C. § 1927 and pursuant to the

Court's inherent authority is unsupported by the record and the law. Section 1927

provides that any attorney "who so multiplies the proceedings in any case

unreasonably and vexatiously may be required by the court to satisfy personally

the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." 28 U.S.C. § 1927. "An award of sanctions under 28 U.S.C. § 1927 or the

district court's inherent authority requires a finding of recklessness or bad faith."

*Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). "[R]ecklessness suffices for §

1927, but bad faith is required for sanctions under the court's inherent power."

*Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001). "Bad faith is present when an

attorney knowingly or recklessly raises a frivolous argument." *Estate of Blas v.*

*Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Class Counsel's efforts to discover

relevant information regarding Zhen's identity and standing stems from its duty to

prevent fraud on all courts and does not meet the standard for sanctions under

either § 1927 or the Court's inherent authority.

First, Zhen's accusation that Class Counsel engaged in harassment by

contacting him to meet and confer and by requesting a Zoom call is baseless. Class

Counsel made good-faith efforts to engage with Zhen and discuss each other's

concerns informally, in the hope of reaching complete or partial resolution. When

those efforts were ignored or rejected by Zhen, Class Counsel proceeded with discovery narrowly tailored to assess his standing and suspect motives.

Second, Zhen's reliance on Class Counsel's submission of a LexisNexis SmartLinx Report as a basis for sanctions is similarly misplaced. The report is based on publicly available information and used to identify a proper service address only after Zhen refused to provide a residential address in his objection and appeal. The report contained publicly available information and proper redactions of personally identifiable information. Importantly, Zhen himself refiled the same report in his motion.

Third, Class Counsel's discovery efforts are part of its duty to protect the Class and the courts from fraud and waste. Rather than recklessness or harassment, as Zhen suggests, the record shows diligent investigation prompted by specific indicia of fraud. As shown throughout the record here and other cases, Zhen engages in repeated misdirection to obfuscate inquiries into his true identity and the indicia of fraud associated with his claims in this case and this appeal. *See* Ruano Decl., Ex. C.

Zhen fails to demonstrate that Class Counsel acted in bad faith or unreasonably multiplied proceedings. His request is part of a pattern to delay and avoid discovery and for this Court, or any court, to truly examine the purpose of

his objections and identity. It is not a proper invocation of Section 1927 or the Court's inherent authority to issue sanctions.

## IV.    CONCLUSION

For the reasons stated above, the Court should deny Zhen's emergency motion for a protective order and sanctions in full. The district court retains jurisdiction, the discovery served is appropriate, and Zhen's objections are both unsupported and undercut by his own actions. His motion is simply an attempt to avoid scrutiny of an appeal that appears unfounded—if not fraudulent.


Dated: July 30, 2025                    **COTCHETT, PITRE & McCARTHY, LLP**

                                        */s/ Adam J. Zapala*
                                        Adam J. Zapala (SBN 245748)
                                        Elizabeth T. Castillo (SBN 280502)
                                        Christian S. Ruano (SBN 352012)
                                        **COTCHETT, PITRE & McCARTHY, LLP**
                                        840 Malcolm Road
                                        Burlingame, California 94010
                                        Telephone: (650) 697-6000
                                        Facsimile: (650) 697-0577
                                        azapala@cpmlegal.com
                                        ecastillo@cpmlegal.com
                                        cruano@cpmlegal.com


                                        */s/ Kalpana Srinivasan*
                                        Kalpana Srinivasan (Bar No. 237460)
                                        Marc M. Seltzer (Bar No. 54534)
                                        Steven Sklaver (Bar No.237612)

19

Michael Gervais (Bar No. 330731)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: 310-789-3100
ksrinivasan@susmangodfrey.com
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com
mgervais@susmangodfrey.com

Alejandra C. Salinas (pro hac vice)
Texas SBN 24102452
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
asalinas@susmangodfrey.com

/s/ *Lin Y. Chan*
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
Lin Y. Chan (SBN 255027)
lchan@lchb.com
**LIEFF CABRASER HEIMANN &**
 **BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Counsel for Plaintiffs-Appellees and the*
*Indirect Purchaser Plaintiff Class*

20

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 30, 2025, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Dated: July 30, 2025     **COTCHETT, PITRE & McCARTHY, LLP**

*/s/ Adam J. Zapala*
Adam. J. Zapala

*Counsel for Plaintiffs-Appellees and the Indirect Purchaser Plaintiff Class*