*Appeal No. 25-3098*

---

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

---

IN RE: TELESCOPES
ANTITRUST LITIGATION

---

ZHEN, et al.,

*Objectors-Appellants,*

vs.

INDIRECT PURCHASER PLAINTIFFS

*Plaintiffs-Appellees,*

vs.

SYNTA TECHNOLOGY CORP., ET AL,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Northern District of California, San Jose Division
Hon. Edward J. Davila
D.C. No. 5:20-cv-03639 –EJD

---

**INDIRECT PURCHASER PLAINTIFFS-APPELLEES'
MOTION TO DISMISS FOR LACK OF STANDING**

---

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE &**
**McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

*Settlement Class Counsel for Indirect Purchaser Plaintiffs-Appellees*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, no corporate disclosure statement is necessary as Plaintiffs-Appellees are all individuals.


Dated: September 3, 2025          By: _ /s/ Lin Y. Chan _____

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY
LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Settlement Class Counsel for Indirect
Purchaser Plaintiffs-Appelees*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

RELEVANT BACKGROUND .........................................................................2

LEGAL STANDARD.........................................................................................5

ARGUMENT .......................................................................................................6

    I.    Non-Class Members Do Not Have Standing to Appeal Final
        Approval of a Class Action Settlement. ..............................................6

    II.   Zhen Does Not Have Standing to Appeal. ..........................................8

    III.  Without Standing, This Court Should Dismiss Zhen's Joint
        Appeal...................................................................................................10

CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bender v. Williamsport Area Sch. Dist.*,
  475 U.S. 534 (1986)................................................................................9

*Childs v. San Diego Fam. Hous. LLC*,
  22 F.4th 1092 (9th Cir. 2022) .................................................................5

*Citibank Int'l v. Collier-Traino, Inc.*,
  809 F.2d 1438 (9th Cir. 1987) ...............................................................10

*Emp'rs-Teamsters Local Nos. 175 & 505 Pension Trust Fund v.*
  *Anchor Capital Advisors*,
  498 F.3d 920 (9th Cir. 2007) ...................................................................6

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  603 F.2d 1353 (9th Cir. 1979) .................................................................7

*Frankel v. Cole*,
  490 F. App'x 407 (2nd Cir. 2013) (unpublished)...................................7

*FTC v. Countrywide Home Loans, Inc.*,
  548 F. App'x 450 (9th Cir. 2013) (unpublished)....................................9

*Gould v. Alleco, Inc.*,
  883 F.2d 281 (4th Cir. 1989) ..................................................................7

*Heller v. Quovadx, Inc.*,
  245 F. App'x. 839 (10th Cir. 2007) (unpublished)................................7

*In re Hydroxycut Mktg. & Sales Pracs. Litig.*,
  Nos. 09md2087 BTM (KSC), 09cv1088 BTM (KSC), 2013 WL
  5275618 (S.D. Cal. 2013) ........................................................................6

*L.A. County Bar Ass'n v. Eu*,
  979 F.2d 697 (9th Cir. 1992) ...................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Lee v. Kron v. Global Tellink Corp.*,
  No. 18-56275 (9th Cir. Jan. 24, 2019), ECF No. 13............................................7

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).................................................................6

*Marino v. Ortiz*,
  484 U.S. 301 (1988).................................................................7

*Nalder v. United Auto. Ins. Co.*,
  817 F. App'x 347 (9th Cir. 2012) ....................................................5

*In re PFA Ins. Mktg. Litig.*,
  No. 4:18-cv-03771 YGR, 2024 WL 1145209 (N.D. Cal. Feb. 5,
  2024)...............................................................................7

*Sacks v. Office of Foreign Assets Control*,
  466 F.3d 764 (9th Cir. 2006) .......................................................5

*In re Snap Inc. Secs. Litig.*,
  No. 2:17-cv-03679-SVW, 2021 WL 667590 (C.D. Cal. Feb. 18,
  2021)...............................................................................6

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016).................................................................6

*Steel Co. v. Citizens for a Better Environment*,
  523 U.S. 83 (1998)..................................................................6

*Sweet v. Cardona*,
  121 F.4th 32 (9th Cir. 2024) .....................................................6, 9

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*,
  262 F.3d 559 (6th Cir. 2001) .......................................................7

*Vargas v. Debose v. Ford Motor Co.*,
  No. 17-56764 (9th Cir. May 22, 2018)................................................7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Warth v. Seldin*,
    422 U.S. 490 (1975)............................................................5

*Zepeda v. PayPal, Inc.*,
    No. C 10-2500 SBA, 2017 WL 1113293 (N.D. Cal. Mar. 24, 2017) .................7

**Court Rules**

Fed. R. App. P. 3(c) .........................................................7

Fed. R. Civ. P. 23(e)(5)......................................................6

## **INTRODUCTION**

Indirect Purchaser Plaintiffs-Appellees move to dismiss the appeal brought by Objector-Appellant Pat Zhen because he lacks standing. Putting aside the substantial indicia of fraud associated with Zhen's claims in the underlying antitrust case, Zhen appeals the district court's order finally approving a $32 million class action settlement that will end litigation pending since 2020 and put money directly into the pockets of tens of thousands of harmed indirect purchasers. But Zhen is not one of those indirect purchasers: He is not a class member.

Zhen claims to have purchased a telescope in Puerto Rico, a jurisdiction that was never part of this suit—not at the suit's inception, not during the motions to dismiss, and not at settlement.[1] As such, he was not swept into the settlement class and he has not released any claims with respect to the Defendants, so neither Zhen (nor anyone else who indirectly purchased telescopes in Puerto Rico) could possibly be harmed by the settlement. Zhen and other indirect telescope purchasers in Puerto Rico are free to bring their own claims against Defendants, yet instead of pursuing that option, Zhen proposes to insert 13.6 months of delay into the process for effectuating this settlement.[2] As a non-class member who lacks standing, Zhen's

---

[1] *See* Decl. of Lin Chan ("Chan Decl."), Ex. 1 (Settlement Agreement) at 6.

[2] U.S. Courts of Appeals – Median Times for Civil and Criminal Cases Terminated on the Merits (Sept. 30, 2024), *available at* https://www.uscourts.gov/sites/default/files/2025-01/jb_b4a_0930.2024.pdf

claims cannot be considered, and this Court should dismiss his appeal for lack of standing.[3]

## RELEVANT BACKGROUND

This litigation began in June 2020.[4]  Plaintiffs alleged that Defendants, the two largest manufacturers and distributors of consumer telescopes in the U.S. conspired to unlawfully fix and stabilize prices in violation of antitrust and consumer protection laws.[5]

Plaintiffs brought their case for damages on behalf of consumers of thirty-three states and jurisdictions that permit indirect purchaser damage claims, but explicitly did not include Puerto Rico.[6] The "Indirect Purchaser States" referred to with respect to the class definition specifically referred to: "Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North

---

(average time from filing of notice of appeal to final opinion/order in civil cases in the Ninth Circuit), retrieved Aug. 28, 2025.

[3] *See* 9th Cir. R. 3-6(b).  Plaintiffs-Appellees informed Objectors-Appellants Zhen, Barnes, Sussman, and Woodlands of their intention to file this motion.  9th Cir. R. 27-1(2).  Zhen indicated that he would oppose dismissal.

[4] Chan Decl., Ex. 2 (Stip. & Order Regarding Consolidation & Case Management) at 1.

[5] Chan Decl., Ex. 3 (4th Am. Consol. Class Action Compl.) at 1-2.

[6] *Id.* ¶ 198.

Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin."[7]

On September 7, 2023, the parties agreed to settle the litigation for $32 million, a figure that fell within the range of *full damages* estimated by Plaintiffs' damages expert.[8]  The Settlement Agreement granted a release on behalf of a class of indirect purchasers of telescopes manufactured by Defendants that did *not* include purchasers from Puerto Rico.  The Settlement Class, as written in the Settlement and as certified for settlement purposes by the District Court, defined the class as[9]:

> [A]ll persons and entities in the Indirect Purchaser States (as defined herein) who, during the period from January 1, 2005 to September 6, 2023, purchased one or more Telescopes from a distributor (or from an entity other than a Defendant) that a Defendant or alleged co-conspirator manufactured.  Excluded from the Class are Defendants; their parent companies, subsidiaries and Affiliates; any co-conspirators; Defendants' attorneys in this Action; federal government entities and instrumentalities, states and their subdivisions; all judges assigned to this Action; all jurors in this Action; and all Persons who directly purchased Telescopes from Defendants but only for those direct purchases of Telescopes.

---

[7] *Id.* ¶ 199.  These are states that permit those who did not purchase directly from a defendant to recover under the antitrust laws of those states.

[8] Chan Decl., Ex. 4 (Order Grant'g Mot. for Final Approval; Grant'g Mot. for Attorneys' Fees, Expenses & Service Awards) at 2.

[9] Chan Decl., Ex. 1, at ¶ 1(e); Ex. 4, at 2.

Similar to the states and jurisdictions listed in the Complaint, the Indirect Purchaser States did *not* include Puerto Rico.[10]

The district court granted preliminary approval on November 4, 2024, and final approval on April 11, 2025.[11]  As part of that approval process, five objections were filed.[12]  These objections were filed by: (1) Pat Zhen, (2) National Woodlands Preservation, Inc. ("Woodlands"); (3) Elman Barnes; (4) Mike Sussman; and (5) a separate group of direct purchaser plaintiffs (Jason Steele and Pioneer Cycling & Fitness LLP) who are engaging in wholly separate litigation against Defendants.[13]

Of those objectors, four filed a joint appeal—Zhen, Woodlands, Barnes, and Sussman.[14]  Zhen, unlike the other three, does not even purport to be a member of the Settlement Class.  Instead, his objection was that Puerto Rico *should have* been

---

[10] Indirect Purchaser States included:  "Arizona, Arkansas, California, Connecticut, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin."  *See* Chan Decl., Ex. 1, at ¶ 1(q).

[11] Chan Decl., Ex. 5 (Order Preliminarily Approv'g Class Action Settlement & Issuing Notice); Chan Decl., Ex. 4.

[12] Chan Decl., Ex. 4, at 4.

[13] Chan Decl., Ex. 4, at 11; Ex. 6 (Conditional Obj. to Class Action Settlement) at 1.

[14] Chan Decl., Ex. 7 (Notice of Appeal).  They did so without describing the basis of that appeal.

-4-

included in Settlement Class.[15] The district court overruled Zhen's objection because

Zhen is not a class member, reasoning[16]:

> The definition of "Indirect Purchaser States" in the Settlement Agreement does not include Puerto Rico, or several other states within the United States.  Further, the release of claims is limited to class members who made purchases in Indirect Purchaser States only, so there is no possibility of harm to those who indirectly purchased subject telescopes in Puerto Rico.  Those indirect purchasers are still free to bring their own claims.

The court entered judgment on April 11, 2025.[17]

## **LEGAL STANDARD**

This appeal should be dismissed for lack of standing.[18]  "Standing is a

threshold question [that] must [be] resolv[ed] before proceeding to the merits."[19]  As

"the threshold [jurisdictional] issue of any federal action," standing is "an essential

---

[15] Chan Decl., Ex. 8 (Pat Zhen Objs. to Settlement) at 1-4.

[16] Chan Decl., Ex. 4, at 15.

[17] Chan Decl., Ex. 9 (Judgment).  Judgment was amended on June 23, 2025.  *See* Chan Decl., Ex. 10 (Am. J. of Dismissal with Prejudice).

[18] *See* Circuit Rule 3-6(b); *Nalder v. United Auto. Ins. Co.*, 817 F. App'x 347, 349 (9th Cir. 2020) (granting motion to dismiss appeal for lack of standing).  This Court has "jurisdiction to determine whether [it] ha[s] jurisdiction to hear th[is] case."  *Childs v. S.D. Fam. Hous. LLC*, 22 F.4th 1092, 1095 (9th Cir. 2022) (citation omitted).

[19] *Sacks v. Off. of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006) (quoting *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 700 (9th Cir. 1992)); *see also Warth v. Seldin*, 422 U.S. 490, 517-18 (1975) ("The rules of standing . . . are threshold determinants of the propriety of judicial intervention.").

and unchanging part of the case-or-controversy requirement of Article III."[20]  "To establish Article III standing, the [appellants] must show that they have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[21]

 "The objector, as a party seeking to generate a court ruling, has the burden of demonstrating her standing."[22]  As discussed below, Zhen, who admits he is not a class member, cannot meet his burden.

## **ARGUMENT**

## I.  **Non-Class Members Do Not Have Standing to Appeal Final Approval of a Class Action Settlement.**

Non-class members, such as Zhen, do not have standing to appeal final approval of a class action settlement.  The law is clear that only a class member may object to a proposed class settlement under Federal Rule of Civil Procedure

---

[20] *Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (potential class members lacked standing).
[21] *Sweet v. Cardona*, 121 F.4th 32, 42 (9th Cir. 2024) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).
[22] 4 William B. Rubenstein, *Newberg on Class Actions* § 13:22 (5th ed.); *see also In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW, 2021 WL 667590 (C.D. Cal. Feb. 18, 2021); *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, Nos. 09md2087 BTM (KSC), 09cv1088 BTM (KSC), 2013 WL 5275618, at *2 (S.D. Cal. Sept. 17, 2013) ("The party seeking to invoke the Court's jurisdiction—in this case, the Objectors—has the burden of establishing standing.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103–04 (1998)).

23(e).[23] Non-class members are not parties, and "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment."[24] Thus, courts, including the Ninth Circuit, have repeatedly held that non-class members do not have standing to object to a proposed class action settlement at all.[25] And they do not have standing to appeal final approval of that settlement.[26] The proposition is not controversial: other federal circuit courts agree.[27]

---

[23] Fed. R. Civ. P. 23(e)(5) ("Any class member may object . . . .").

[24] *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (citing Fed. R. App. P. 3(c) ("The notice of appeal shall specify the party or parties taking the appeal.")).

[25] *See, e.g.*, *In re PFA Ins. Mktg. Litig.*, No. 4:18-cv-03771 YGR, 2024 WL 1145209, at *25 (N.D. Cal. Feb. 5, 2024) (objector who "ha[d] not established that he [wa]s a member of the settlement class" "d[id] not have standing to object"); *Zepeda v. PayPal, Inc.*, No. C 10-2500 SBA, 2017 WL 1113293, at *18 (N.D. Cal. Mar. 24, 2017) (non-class member had no standing to object).

[26] *See, e.g.*, Order, *Lee v. Kron v. Global Tellink Corp.*, No. 18-56275 (9th Cir. Jan. 24, 2019), ECF No. 13 (dismissing appeal of non-class member for lack of standing); Order, *Vargas v. Debose v. Ford Motor Co.*, No. 17-56764 (9th Cir. May 22, 2018), ECF No. 14 (dismissing appeal where appellants opted out of settlement class and therefore were not class members); *In re Equity Funding Corp. of Am. Sec. Litig.*, 603 F.2d 1353, 1360-61 (9th Cir. 1979) (ruling that a non-member of the class "lacks standing to object to, or to appeal" from the settlement).

[27] *Frankel v. Cole*, 490 F. App'x 407, 408 (2d Cir. 2013) (unpublished) ("The district court correctly determined [objector] lacked standing to object to the proposed settlement. [Objector] is plainly not a party to the litigation, having voluntarily chosen to withdraw; and he is not a class member. In short, he has no interest implicated here."); *Heller v. Quovadx, Inc.*, 245 F. App'x 839, 842 (10th Cir. 2007) (unpublished) (objector "never presented to this court or the district court any evidence suggesting membership, and therefore he has no standing to object under Rule 23"); *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 566 (6th Cir. 2001) ("[U]nder Rule 23(e), non-class members have no standing to object . . . ."); *Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989).

The reasons for this rule apply in this case and require dismissal of Zhen's appeal. As the Fourth Circuit explained in *Gould*[28]:

> The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals. Beginning from the unassailable premise that settlements are to be encouraged, it follows that to routinely allow non-class members to inject their concerns via objection at the settlement stage would tend to frustrate this goal. Were the rule as [non-class member/appellant] contends, every objection from a non-class member would trigger an examination by the court of the effects of the proposal on the objector. We cannot conceive that the drafters of the Rules intended to permit such eleventh-hour expansion of class actions. We hold, therefore, that non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement. Interjection of the opposing views of non-class members should proceed via intervention under Rule 24.

In other words, a contrary rule would allow all non-class members like Zhen to subvert Rule 23(e) (and Article III) and frustrate the judicial policy favoring settlement.

## II.    Zhen Does Not Have Standing to Appeal.

Zhen lacks standing because he is not a class member. This fact is undisputed—it forms the basis of his objection. The very first sentence of his objection states[29]:

> Objector Pat Zhen, a retail purchaser of a telescope covered by the class action and a Citizen of Puerto Rico, objects to the settlement in that it

---

[28] 883 F.2d at 284.
[29] Chan Decl., Ex. 8, at 1.

> discriminates against indirect purchasers who made their purchases in
> Puerto Rico by not providing a payment . . . .

Moreover, although Zhen claims that the Settlement Agreement "appears to waive

[his and other Puerto Rican telescope consumers'] rights," this claim is simply

untrue, as the district court found[30]: "the release of claims is limited to class

members who made purchases in Indirect Purchaser States only, so there is no

possibility of harm to those who indirectly purchased subject telescopes in Puerto

Rico. Those indirect purchasers [like Zhen] are still free to bring their own

claims." In short, the release only released the claims of class members from the

defined Indirect Purchaser States, which did not include Puerto Rico.[31]  As this

Court found in dismissing an objector appeal in *Sweet*, where a claim is not

released, appellant has no standing to object on appeal[32]:

> It is not enough for a non-settling entity to allege that the settlement
> "*effectively* strips them of defenses" or claims if nothing in the

---

[30] Chan Decl., Ex. 4, at 15.

[31] Moreover, many courts within the Ninth Circuit, and throughout the United States, have found that Puerto Rico is not an *Illinois Brick* repealer state.  *See*, *e.g.*, *United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1085–86 (N.D. Cal. 2014); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 5094289, at *4 (N.D. Cal. Dec. 8, 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1187 (N.D. Cal. 2009); *In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 723 (N.D. Ill. 2016); *In re Nexium (Esomeprazole) Antitrust Litig.*, 968 F. Supp. 2d 367, 409–10 (D. Mass. 2013); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 413 (S.D.N.Y. 2011).

[32] *Sweet*, 121 F.4th at 45 (quoting *Bhatia v. Piedrahita*, 756 F.3d 211, 218 (2d Cir. 2014)).

> settlement agreement precludes the non-settling entity "from asserting in the district court or in other litigation any claims or defenses that may be available to them."

Zhen has neither shown that he is in the settlement class nor that he is aggrieved by it. He has no standing to appeal.[33]

## III. Without Standing, This Court Should Dismiss Zhen's Joint Appeal.

Because Zhen has no standing to appeal, this Court should dismiss his appeal in its entirety.[34] Zhen filed a joint appeal that included three other objectors in which they paid only one appeal fee with the Ninth Circuit under Federal Rule of Appellate Procedure 3(e).[35] Although joint Notices of Appeal may generally be considered under Federal Rule of Appellate Procedure 3(b), such joint or consolidated appeals are only appropriate where the appellants' "*interests make*

---

[33] Although Zhen may argue that he has standing to appeal because IPPs' complaint included a proposed nationwide injunctive class, Zhen never raised this issue with the district court, that class was never certified, and the settlement never bound absent members of that proposed class. Chan Decl., Ex. 8; Ex. 14 (Zhen Reply in Supp. of Objs.). The injunctive relief claims were only dismissed on behalf of class representatives in their individual capacities because, for an uncertified class, class representatives are the only parties properly before the court. *See, e.g.*, *Smith v. Bayer Corp.*, 564 U.S. 299, 312, 315 (2011).

[34] *See, e.g.*, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 549 (1986) ("Mr. Youngman has no right to prosecute an appeal in his capacity as a parent. We therefore hold that because the Court of Appeals was without jurisdiction to hear the appeal, it was without authority to decide the merits."); *FTC v. Countrywide Home Loans Inc.*, 548 F. App'x 450, 451 (9th Cir. 2013) (unpublished) ("We dismiss the appeal for lack of standing.") (citing *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440-41 (9th Cir. 1987)).

[35] *See* Chan Decl., Ex. 7 (Notice of Appeal); Ex. 15 (Receipt for appeal fee).

-10-

*joinder practicable*." (emphasis added). Here, joinder is impracticable because the interests of Zhen—whose basis of the appeal is that he is *not* a class member— fundamentally differ from the interests of the other three appellants who claim to be alleged members of the settlement class.[36] In the alternative, the Court should dismiss Zhen as an appellant from the joint appeal.

## <u>CONCLUSION</u>

Zhen is a non-party with no personal stake in this matter. For the forgoing reasons, this Court should dismiss his appeal.

Dated: September 3, 2025          Respectfully submitted,

_*/s/ Lin Y. Chan*_

---

[36] *See* Chan Decl., Ex. 11 (Barnes Obj. to Settlement) (objecting to the claims process); Ex. 12 (Woodlands Obj. to Settlement) (objecting to claims process as applied to business entities); Ex. 13 (Sussman Obj. to Settlement) (objecting to claims process); *see generally Newberg*, *supra*, § 13:22 (non-class members' "interests generally are not affected by a class settlement"). Plaintiffs-Appellees, in attempting to reach all four objectors, uncovered substantial indicial of fraud as to each of the Objector-Appellees. Chan Decl., Ex. 16 (IPP Mot. in Supp. of Appeal Bond); Ex. 17 (IPP Reply in Supp. of Appeal Bond).

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN &**
**BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Settlement Class Counsel for Indirect Purchaser*
*Plaintiffs-Appellees*

## STATEMENT OF RELATED CASES

I am unaware of any related cases pending in this Court.


Dated:  September 3, 2025          Respectfully submitted,

By:   */s/ Lin Y. Chan*

Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN &
BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Settlement Class Counsel for Indirect Purchaser
Plaintiffs-Appellees*

-13-

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify pursuant to Federal Rule of Appellate Procedure 32(g) that this brief complies with the type-volume limitation of Circuit Rules 27(d)(2)(B) and 32-1 because it contains 3,040 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f).  Counsel's count is based on the word count function of Microsoft Word, and in accordance with Ninth Circuit Rule 32-1(e), this brief is accompanies by a completed copy of the Ninth Circuit's Form 8.  Counsel further certifies that this brief complies with the typeface and style requirements under Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been produced in proportionally spaced Times New Roman 14-point font.


Dated:  September 3, 2025          By:   */s/ Lin Y. Chan*

                                    Lin Y. Chan (SBN 255027)
**LIEFF CABRASER HEIMANN & BERNSTEIN LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lchan@lchb.com

Adam J. Zapala (SBN 245748)
**COTCHETT, PITRE & McCARTHY LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
azapala@cpmlegal.com

Kalpana Srinivasan (SBN 237460)
**SUSMAN GODFREY LLP**
1900 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
ksrinivasan@susmangodfrey.com

*Settlement Class Counsel for the Indirect*
*Purchaser Plaintiffs-Appellees*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit, via the appellate CM/ECF system.  Case participants who are registered CM/ECF users will be served by the appellate CM/ECF system.


Dated:  September 3, 2025          */s/ Lin Y. Chan*_____
                                              LIN Y. CHAN

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**  25-3098

I am the attorney or self-represented party.

**This brief contains**  3,040  **words,** including  0  words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**  /s/ Lin Y. Chan  **Date**  9/3/2025

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                                  *Rev. 12/01/22*